**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD EDWARD BEATY,

                Petitioner - Appellant,

    v.

CHARLES L. RYAN,

                Respondent - Appellee.

No. 10-17044

D.C. No. 2:92-cv-02076-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 4, 2011[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and MCKEOWN, Circuit Judges

Donald Edward Beaty appeals the district court's dismissal of his

"Stipulation for Order Allowing Confidential Contact Visit with Petitioner" for

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lack of jurisdiction. As the facts are known to the parties, they will be repeated here only as necessary to explain our decision.

We construe Beaty's "Stipulation" as a motion for an order directing the Arizona Department of Corrections to authorize a visit between Beaty and a neuropsychologist. Although Beaty filed the motion under the case number previously assigned to his federal habeas petition, the motion is not in any way connected to his habeas case. Rather, Beaty claims that the requested contact visit is "for purposes of [his] clemency petition."

It is fundamental that a "federal court's jurisdiction is limited to cases or controversies." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (citing U.S. Const. art III, § 2). Beaty's motion is not connected to his terminated federal habeas petition. Furthermore, his state clemency application is not a case or controversy pending in federal court. Indeed, the clemency application is not even a judicial proceeding pending in state court; it is a state administrative proceeding governed by state law. *See* Ariz. Rev. Stat. §§ 31-401 to 31-403.

Beaty argues, however, that 18 U.S.C. § 3599 confers jurisdiction on the district court to issue an order to a state prison authorizing a contact visit in the course of his state clemency application. We disagree. In *Harbison v. Bell*, the

2

Supreme Court held that section 3599 "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." 129 S. Ct. 1481, 1491 (2009). With respect to the hiring of experts, section 3599(f) provides that "[u]pon a finding that [ ] expert . . . services are reasonably necessary for the representation of the defendant . . . the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g)." Section 3599(f) therefore empowers federal courts to authorize federally appointed attorneys to hire experts with federal money for the purpose of state clemency petitions. However, *Harbison* provides no support for Beaty's argument that section 3599 confers jurisdiction on district courts to issue orders to state prisons in furtherance of these state clemency applications. We therefore reject Beaty's argument that the district court had jurisdiction to issue the order pursuant to 18 U.S.C. § 3599.

The district court did not err in dismissing Beaty's "Stipulation" for lack of jurisdiction.

AFFIRMED.